**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

AKOP DANIYELYAN,

Defendant - Appellant.

No. 11-30284

D.C. No. 2:10-cr-00311-TSZ-7

MEMORANDUM[*]

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GRAYR POGOSOVICH YERIKYAN,

Defendant - Appellant.

No. 11-30326

D.C. No. 2:10-cr-00311-TSZ-6

Appeal from the United States District Court
for the Western District of Washington
Thomas S. Zilly, District Judge, Presiding

Argued and Submitted November 9, 2012
Seattle, Washington

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Before: W. FLETCHER and FISHER, Circuit Judges, and QUIST, District Judge.[**]

Akop Daniyelyan appeals his judgment of conviction and sentence for one count of conspiracy to commit bank fraud and one count of bank fraud. Grayr Yerikyan appeals his sentence for one count of conspiracy to commit bank fraud, one count of bank fraud and one count of conspiracy to commit unlawful production of identification documents. We affirm.

1.    Sufficient evidence supported Daniyelyan's conviction for conspiracy to commit bank fraud and for bank fraud. The evidence showed that, consistent with a check-kiting scheme described by a co-conspirator, Daniyelyan opened bank accounts in the name of a fraudulent business, used debit cards of other fraudulent businesses to purchase hundreds of thousands of dollars of cigarettes, purchased the cigarettes by drawing on accounts whose balances were artificially inflated and stayed in close communication with other members of the conspiracy while purchasing these cigarettes. *See United States v. Chung*, 659 F.3d 815, 823 (9th Cir. 2011) ("We review the sufficiency of the evidence de novo to determine whether, 'viewing the evidence in the light most favorable to the prosecution, *any*

_____

[**]The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

2

rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))).

2.    There was no plain error when the prosecutor stated in closing argument that Daniyelyan had lied to the bank associate who helped him open the bank accounts and that Daniyelyan had lied on the stand, because the prosecutor did not personally vouch against Daniyelyan's trial testimony and it was a reasonable inference from the evidence that Daniyelyan had lied to open the bank accounts and on the stand.  *See United States v. Moreland*, 622 F.3d 1147, 1161-62 (9th Cir. 2010); *United States v. Weatherspoon*, 410 F.3d 1142, 1147 n.3 (9th Cir. 2005).

3.    The district court did not plainly err by employing a three-level sentencing enhancement for Yerikyan based on his role as a manager or supervisor of the conspiracy.  The evidence showed that Yerikyan supervised at least one co-conspirator in opening fraudulent bank accounts.  *See United States v. Egge*, 223 F.3d 1128, 1132 (9th Cir. 2000).

4.    The district court did not plainly err by imposing a condition of supervised release that prohibited Daniyelyan and Yerikyan from frequenting places where controlled substances are illegally sold, used, distributed or administered.  Even if the release condition was error, for error to be "plain," it

3

must affect substantial rights, *see Moreland*, 622 F.3d at 1158, but the right to frequent places where controlled substances are illegally sold, used, distributed or administered is not a substantial right. We construe this condition to exclude unintentional violations. *See United States v. Vega*, 545 F.3d 743, 750 (9th Cir. 2008).

**AFFIRMED**.